IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| PAULO M. DOMINGUEZ, | ) | |
| Institutional ID No. 687259, | ) | |
| SID No. 3311856, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. |
| | ) | 1:08-CV-173-C |
| HOOVER, Officer, | ) | ECF |
| *et al.*, | ) | |
| | ) | |
| Defendant(s). | ) | |

## ORDER

Plaintiff, acting *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Defendants, officials and staff at the French Robertson Unit ("Robertson Unit") of the Texas Department of Criminal Justice - Institutional Division ("TDCJ-ID"). Plaintiff alleges that he was subjected to deliberate indifference to his serious medical needs, deprivation of due process of law, and discrimination.

The complaint was transferred to the docket of the United States Magistrate Judge who held a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985), on June 16, 2009. Plaintiff did not consent to proceed before the United States Magistrate Judge during the *Spears* hearing, and pursuant to this Court's Order entered on March 18, 2009, the Magistrate Judge entered a report and recommendation concerning the Plaintiff's complaints and transferred the case back to this Court on February 2, 2010. Plaintiff filed his objections to the Report and Recommendation on February 19, 2010, and May 3, 2010.

At the *Spears* hearing, Plaintiff testified under oath, and that testimony is made a part of Plaintiff's complaint. *See Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996) (testimony from a

*Spears* hearing becomes part of the complaint.).  This Court has made an independent examination of the record in this case, including the Plaintiff's complaint, his amended complaint, the testimony given by Plaintiff at the *Spears* hearing, and properly authenticated inmate records pertaining to Plaintiff which were provided by the TDCJ-ID pursuant to Court orders.  The Court has also examined the findings, conclusions, and recommendation of the Magistrate Judge and Plaintiff's objections thereto, and determines that the findings and conclusions are correct with one exception: the Report and Recommendation provides no recommendation for the disposition of Plaintiff's discrimination claims.  Consequently, the Court will address Plaintiff's claims of discrimination below.

In his objection to the Magistrate Judge's Report and Recommendation, Plaintiff cites two instances of alleged discrimination that were alleged in his original and amended complaints, but not addressed during the *Spears* hearing.  First, Plaintiff alleged that he was denied a mattress by Officer John Doe[1] while he was in solitary for three days, from June 24, 2008, through June 26, 2008.  Without a mattress to sleep on, Plaintiff alleged that his feet bumped across the edges of the bed, causing bruises on his ankles while he slept.  In his amended complaint, Plaintiff claimed that Officer John Doe deprived him of a mattress out of retaliation and harassment for grievances previously filed against Officer John Doe and other officers.  Plaintiff further complained that the deprivation constituted discrimination because all of the other inmates around him had mattresses, yet he was never issued one despite repeated requests for a

---

[1] In his original complaint, Plaintiff identified this officer "Officer Cates" but in his amended complaint and during the *Spears* hearing, he referred to this officer as "John Doe."

2

mattress. In his Report and Recommendation, the Magistrate Judge omitted any discussion of the discrimination element of Plaintiff's allegation. The Magistrate Judge went on to find that Plaintiff's allegations concerning the denial of a mattress and the resulting injuries failed to establish any more than *de minimis* injury. Thus, the claims are insufficient to support a claim for money damages for emotional, mental, or physical injuries.

Next, Plaintiff claims that on March 28, 2009, Defendant Officer Huffine issued food trays to two black offenders, but refused to issue him a food tray or johnny sack. In his Report and Recommendation, the Magistrate Judge found that the deprivation of a single meal with no resulting injuries did not rise to the level of an Eighth Amendment Claim and should be dismissed as frivolous. However, in his Objection, Plaintiff points out that during his *Spears* hearing testimony concerning the meal in question, he was not permitted to address his claim that the meal was denied as a result of discrimination by Defendant Officer Huffine. Consequently, Plaintiff asserts that the Magistrate Judge's failure to address his discrimination claim was clearly erroneous.

To state an equal protection claim, a plaintiff must allege, inter alia, that similarly situated individuals have been treated differently and he must also allege purposeful or intentional discrimination. *See Muhammad v. Lynaugh*, 966 F.2d 901, 903 (5th Cir.1992). "Inmates [clearly] have the constitutional right to be free from racial discrimination." *Bentley v. Beck*, 625 F.2d 70, 71 (5th Cir. 1980); *Lee v. Washington*, 390 U.S. 333 ( 1968). Nevertheless, Plaintiff has presented "no evidence to go beyond [his] assertions . . . and such conclusory allegations of malice are insufficient to maintain his claim." *Al-Ra'id v. Ingle*, 69 F.3d 28, 32 (5th Cir. 1995). *See Taylor v. Johnson*, 257 F.3d 470, 474 (5th Cir. 2001) (dismissing civil

rights complaint because inmate did not allege any facts to demonstrate prison officials "purposefully intended to discriminate against him as a member of an identifiable group"); *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995) (denying prisoner's equal protection claim because he failed to offer proof of discriminatory intent or a specific act of discrimination); *Phillips v. Norris*, 320 F.3d 844, 848 (8th Cir. 2003) (inmate's equal protection claim failed as he did not allege he was a member of a protected class or suffered violations of fundamental right).

Plaintiff's allegation that he was subjected to discrimination in the form of deprivation of a mattress for three days by Defendant Officer John Doe, and a single meal by Defendant Officer Huffine amounts to nothing more than conclusory allegations, which are insufficient to maintain a claim of discrimination. The Court finds, therefore, that Plaintiff's discrimination claims are without merit, and should be DISMISSED WITH PREJUDICE AS FRIVOLOUS.

The Court finds that Plaintiff's objections should be OVERRULED, and the Magistrate Judge's findings and conclusions ADOPTED, except with respect to the omission of Plaintiff's discrimination complaints.

It is, therefore, ORDERED:

(1)   Plaintiff's complaint and all claims alleged therein are DISMISSED WITH PREJUDICE AS FRIVOLOUS.

(2)   Any pending motions are DENIED.

(3)   This dismissal shall count as a qualifying dismissal under 28 U.S.C. § 1915(g) and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996). Dismissal of this action does not

release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

(4) A copy of this order shall be sent by first class mail to Plaintiff at his last known address and to any attorney of record by first class mail or electronic notification.

(5) Plaintiff is advised that if he appeals this Order, he will be required to pay the appeal fee of $455.00 pursuant to the PLRA, and he must submit an application to proceed *in forma pauperis* and a 6-month Certificate of Inmate Trust Account at the same time he files his notice of appeal.

**SO ORDERED.**

Judgment shall be entered accordingly.

Dated June 9, 2010.

_____
SAM R. CUMMINGS
UNITED STATES DISTRICT JUDGE

5